## GAYDAS v FUSSELMAN

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 2, 1931

Barnum, Hammond, Stevens & Hoyt, Youngstown, for plaintiff in error.

Nicholson & Warnock, Youngstown, for defendant in error.

FARR, J.

It is complained that upon the trial in the court below prejudicial error was committed by the court in the admission and exclusion of testimony: First, in the admission of testimony upon the part of the husband of Margaret E. Fusselman, who testified that in conversation with his wife she had said certain things with reference to her injuries, and that such testimony is incompetent, it is so insisted, for the reason that it would be hearsay. It is to be noted that practically all of this testimony objected to was made up in part of some statements upon the part of the husband as to what his wife had said, and in other parts by what he had done in relieving the wife at times of her suffering, and what she had said with reference to being in pain. The rule relating to this class of testimony is well expressed in the case of **Railroad Company v Yokes, 5 C D, 599,** in the fourth paragraph of the syllabus, which reads as follows:

"Expressions of pain are admissible as proof of actual suffering. Such statements of pain and of its locality are exceptions to the rule excluding hearsay evidence and are admitted only upon the ground that they are the natural and ordinary accompaniments and expressions of suffering, and are regarded as acts rather than declarations and admitted from necessity."

The above very clearly states the rule applicable here. Expressions of pain which are prompted by instant suffering and remarks made with reference thereto, are held to be competent because they are the natural result of pain, and expressions made by the wife, or any discussions had by wife and husband with reference to her condition, of course, in the abstract, would not be competent. However, it is so connected with the other testimony of the husband that it is not prejudicial or reversible error in the instant case; for instance, the husband says in connection with some of this testimony that he was called

upon to rub her back when she was suffering pain. See **Ry Co v Godwin, 12 O D, 537; Ry Co v Roebuck, C D, 282; Industrial Com v Strassel, 30 O C A 463; Village of Shelby v Clagett, 46 Oh St 549.** It was said in argument that the rule announced by this court in the Carmello case might well be applied here. It is worthy of note that a different situation obtained in the Carmello case. In that instance the person complaining was said to have rubbed the back of his neck. There was no statement made of pain, no exclamation of pain. It was merely the act of the person who was injured and it was spoken of in argument as pantomine testimony. It is readily to be seen that it would be difficult to determine just what a witness would mean under such circumstances by "rubbing the back of his neck", without any exclamation or explanation for so doing. Therefore the rule applied in the Carmello case does not apply in this case, for the obvious difference in the circumstances relating thereto.

Next, it was complained that the trial court did not exclude the testimony of the husband in this behalf as to his conversations with the wife concerning her pain and suffering, and that the testimony was violative of the provisions of **§11494 GC,** where only testimony of conversations between husband and wife taking place in the known presence of a third person are admissible. This question, however, was not raised upon the trial in the court below. For the first time it was raised in this court, and in the **96 Oh St 104,** in the case of **Patterson v State,** Jones, J., in speaking for the court at page 104, observes as follows:

"Counsel should not be allowed in a court of error to avail themselves of an exception of which the court was not apprised. The reason therefore is well stated in the case of **Adams v State of Ohio, 25 Oh St 584, 587,** as follows:

"These rules, it is said, have their foundation in a just regard to the fair administration of justice, which requires that when an error is supposed to have been committed there should be an opportunity to correct it at once before it has had any consequences and does not permit the party to lie by without stating the ground of his objection and take the chances of success on the grounds on which the jury has placed the cause, and then if he fails to succeed avail himself of an objection which if it had been stated might have been removed."

There was no objection to this testimony

in the court below, and it is now too late to urge that objection in this court. Announcing the same principle is the case of **Losh, Exr v Brunk**, 18 Oh Ap 412, and in the opinion on page 418 it is said that this ground of error can not avail in the instant case. It is too late to complain.

The last assignment for error is that the trial court erred in refusing to give in charge to the jury defendant's request No. 9, which reads as follows:

"I say to you, Members of the Jury, the law of Ohio provides that 'Except where otherwise provided, the operator of a vehicle shall yield a right of way at the inter-section of its path and the path of another vehicle, to the vehicle approaching from the right.' And I further say to you, from all the evidence, that if you find that the respective automobiles arrived at the intersection in question at or about the same time, the automobile driven by defendant would have the right of way. And right of way means 'The right of a vehicle to proceed uninterrupted, in a lawful manner, in the direction in which it is moving, in preference to another vehicle approaching from a different direction into its path'."

This instruction is intended to reflect a principle announced in §6310-31 GC, and practically embodies the language of that statute. However, the Supreme Court of Ohio, in the case of **Heidle v Baldwin**, 118 Oh St 375, had occasion to pass upon and apply the provisions of this section, and in paragraph two of the syllabus this principle is announced:

"The statute only applies where two vehicles are approaching the crossing from different directions so nearly at the same time and at such rates of speed within lawful limits, that if each proceeds without regard to the other a collision is reasonably to be apprehended."

Thus it will be observed that the Supreme Court has fixed the conditions under which §6310-31 may be specifically applied, but the Supreme Court went further in this case and in paragraph 6 of the syllabi it announces the following principle:

"It is error to instruct the jury in general terms that the law gives the right of way to the driver of the vehicle upon the main thoroughfare without stating the conditions and limitations upon that right."

So that it is clear that instruction No. 9 submitted by the defendant and requested to be given in the charge to the jury, does not carry the provisions announced by the Supreme Court in paragraph 2 of the syllabus of the above case of **Heidle v Baldwin**; therefore, the instruction was incomplete. It was not full enough, because it did not carry said provisions, clear, and adverting again to paragraph 6 of the syllabus, where it is expressly declared that it is error to instruct the jury in general terms that the law gives the right of way to the vehicle on the main thoroughfare, without stating the conditions and limitations upon that right, therefore it becomes clear, in view of these pronouncements, that the trial court was right in refusing to give request No. 9 in charge to the jury. There is no reversible error in the testimony of Dr. Speck.

This disposes of the assignments for error in this case and the judgment is affirmed.

ROBERTS and POLLOCK, JJ, concur.