FINNEGAN, Plaintiff-Appellee, v. METROPOLITAN LIFE INSURANCE COMPANY and SCANLON, Admr., Bureau of Workmen's Compensation, Defendants-Appellants.

Ohio Appeals, Seventh District, Mahoning County.

No. 3987.  Decided October 8, 1958.

418

Edward L. Williams, W. Glenn Osborne, Youngstown, for plaintiff-appellee.

Harrington, Huxley & Smith, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

A judge of the court of common pleas, acting as trier of the facts upon waiver of trial by jury, entered judgment for plaintiff in her appeal thereto from an order of the Industrial Commission of Ohio denying her claim for benefits claimed due her as the result of the death of her husband, George P. Finnegan. Defendant, Metropolitan Life Insurance Company, a self insurer under the Workmen's Compensation Act of Ohio, appeals to this court on questions of law.

The simple question presented is whether the facts show decedent was engaged in performing a service for the benefit of his employer when killed, and thus whether the injury which resulted in his death was sustained in the course of and arising out of his employment so as to entitle plaintiff to receive benefits under the Workmen's Compensation Act of Ohio.

Decedent, a long time manager of the Wick Park District Office of defendant, Metropolitan Life Insurance Company, was killed in an automobile collision at the intersection of Ohio State Route 90 and U. S. Route 224 in Poland, Ohio, decedent's residence. The accident occurred about 7:30 A. M. on the morning of Wednesday October 20, 1954.

There is no direct evidence where decedent was going when killed. His intention died with him. However, there is undisputed evidence that decedent reported at his office in Youngstown about eight o'clock each morning where he regularly called a staff meeting, unless he went directly from his home, about ten miles south of Youngstown, to Warren where he aimed to be at eight o'clock usually on Thursday mornings. Immediately prior to his death he went to Warren frequently on days other than Thursday to supervise the moving of the Warren office, which was under his supervision. Decedent's brief case containing papers referring to company business, together with an I. B. M. pencil, a pencil used generally by district managers of the Metropolitan Life Insurance Company in executing the business and discharging the duties of and keeping forms for the Metropolitan Life Insurance Company, was in his automobile when he was killed. His I. B. M. pencil was rarely taken from his office in Youngstown except when it was to be used for company business elsewhere. There is evidence that the nature of decedent's work was such that he did not observe the office hour schedule of the office employees of defendant, Metropolitan Life Insurance Company, and worked irregular hours, at nights, and on Saturdays and Sundays.

Defendant contends the trial court erred to its prejudice in the admission of a conversation had between plaintiff and decedent two days before his death, on the theory that such testimony was not admissible as part of the res gestae, and was inadmissible because it violated the provisions of §2317.02 R. C., providing that husband and wife shall not testify. Sec. 2317.02 R. C., provides in part:—

"The following persons shall not testify in certain respects:

"(C) Husband or wife, concerning any communication made by one to the other, or an act done by either in the presence of the other, during coverture, unless the communication was made, or act done, in the known presence or hearing of a third person competent to be a witness. and such rule is the same if the marital relation has ceased to exist. * * *"

The conversation objected to took place two days before decedent's death and the testimony to which objection is made was elicited during direct examination of the plaintiff and is as follows:—

"Q. Had you had some conversation with him before you left as to what he intended to do?

"A. Previously he had planned to drive me over to Canton but it was still raining and I told him I would take the bus. So enroute to the bus we had agreed I would call him on Wednesday evening at the office because he said—

"Mr. Wright: Objection to what he said.

"Mr. Williams: I want authority as to the competency of this conversation between Mrs. Finnegan and her husband on the subject of res gestae.

"Court: If it relates to his duties I will permit her to answer.

"Mr. Williams: It has to do with this very subject matter.

"Court: Go ahead with an exception to the defendant.

"Mr. Wright: Objection and exception.

"Q. You may answer Mrs. Finnegan?

"A. May you state the question again?

"Q. You were telling us he was driving you downtown and in the course of that trip he told you what? Having to do with his duties on the day of the accident?

"A. We agreed I would call him on Wednesday because he said 'I will be busy this week in and out of the office with these new debits, and new agents and going to Warren to make sure that everything is correct, and that will be the best time for you to reach me,' and he was killed on that morning."

We believe that the conversation admitted by the trial judge is admissible for the following reasons:—

1. It is admissible as original evidence to show the fact that such a statement was made not necessarily for the purpose of showing the truth of the matters asserted in that statement.

2. It is admissible not on the theory of such conversation being a spontaneous statement, but on the theory known as the "verbal acts doctrine," or declarations made which, in substance, explain an act to occur after the statement is made.

3. The conversation is admissible under the theory of necessity.

See **21 O. Jur. (2nd), Page 302, Section 288,** where it is said:—

"Even apart from its exceptions, the hearsay rule does not operate to exclude every statement repeated by a witness as made by another person. In some cases, the fact that a statement was made, rather than the facts asserted in the statement, is material. * * *"

The foregoing statement is supported by the following cases: **Cassidy v. Ohio Public Service Co., 83 Oh Ap 404; Stewart v. State, 19 Ohio 302; and State v. Sheppard, 100 Oh Ap 345, 60 O. O. 298,** syllabus 4.

The extent of decedent's duties and his attitude toward his duties was a material and pertinent issue in the case we review.

In support of her second contention that the statements made by the deceased come within the res gestae, not under the theory of a spontaneous statement, but under the verbal acts doctrine, plaintiff cites the case of **Wetmore v. Mell, 1 Oh St 26,** where the first and second paragraphs of the syllabus read:—

"Where an act of a party is admissible in evidence, his declarations, at the time, explanatory of that act, are also admissible, as a part of the res gestae.

"Where A's promise to marry B. is shown, evidence that B. had received A's attentions for four years, and prepared for marriage by procuring bedding, etc., and of B's statements to her sister, at the time, explanatory of such acts of preparation, is competent to show her acceptance of such promise."

It is said at page 28 of the opinion written in Wetmore v. Mell, supra, that:—

"Thus, it has been frequently held, that when one enters into land, in order to take advantage of a forfeiture, to foreclose a mortgage, to defeat a disseisin, or the like; or where one changes his residence, or is upon a journey, or leaves his home, or returns thither, or remains abroad, or secretes himself, or does any act material to be understood, his declarations, made at the time of the transaction, and expressive

of its character, motive, or object, are regarded as 'verbal acts, indicating a present purpose and intention,' and are therefore, admitted in proof, like any other material facts, leaving their effect to be governed by other rules of evidence."

In the case of **Outland v. Industrial Commission, 136 Oh St 488,** the first paragraph of the syllabus reads:—

"The declaration of a person as to where he is going made by him at the time of departing is admissible as a part of the res gestae in explanation of his act of leaving. (Paragraph 2 of the syllabus in **Railway Co. v. Herrick, 49 Oh St 25,** approved and followed.)"

In the case of **Railway Co. v. Herrick, 49 Oh St 25,** the second paragraph of the syllabus reads:—

"Where, in such case, it became material to establish that the plaintiff was at the station to take passage on one of its trains, a declaration, made by him as he left his house on his way to the station, that he was going to another station on the same railway, is competent evidence. to establish his character as a passenger."

See **21 O. Jur., (2d), Page 346, Section 337,** for a discussion of the theory of admissibility by reason of necessity.

At **page 103** of the opinion in the case of **Birmelin, Admx., v. Gist, Admx., 162 Oh St 98,** it is stated:—

"The general rule applicable to such evidence is stated in 20 American Jurisprudence, 521, Section 608, as follows:—

"In the absence of statute, the death of a declarant is not in itself a ground for invoking an exception to the hearsay rule which renders unsworn statements inadmissible in evidence. Under certain circumstances, however, statements made by a person since deceased are admissible under an exception to such rule, based on the ground of necessity. It has been asserted that while declarations of deceased persons are always to be received with caution, the conventional objection that evidence consisting of the alleged declarations of deceased persons is so easily fabricated that it is open to suspicion concerns the weight, rather than the competency, of such proof. On principle, such declarations are not admitted as of necessity if other competent evidence is available. A condition imposed generally in admitting the declarations of deceased persons in evidence is that they appear to have been made without motive on the part of the declarant to state an untruth. Another condition which has been imposed in admitting such declarations is that the declarant be shown to have had knowledge of the facts stated."

Plaintiff contends:—

"Since Mr. Finnegan's duties at the time of the accident are in issue, it is respectfully urged that said conversation and statement is admissible and that the court acted properly in allowing such conversation into evidence.

"Wherefore, the contention of defendant-appellant in this respect that the conversation was hearsay and should not have been admitted is not well taken, and the judgment below should be sustained."

Upon the foregoing authorities we conclude that no error intervened to defendant's prejudice in the respects urged in the assigned ground of error under consideration.

Now we come to consider the admissibilty of certain statements made by the decedent to his wife prior to his death as to whether such conversation was privileged and comes within the prohibition against testifying to such statements under Section (C) of §2317.02 R. C. We believe the true intent of the legislature in passing §2317.02 R. C., was for the protection of the marital relationship and was passed to cover those conversations, or acts, between husband and wife which are confidential in nature, and was not necessarily intended to exclude all types of conversation between married parties.

It can be seen by reading the conversation stated in the brief of defendant and as testified to by plaintiff that it is not in the nature of a confidential matter, but was merely a conversation between decedent and his wife concerning his whereabouts for a matter of a few days.

It can also be seen by reading the testimony that whether or not this conversation took place in the presence of a third party was never determined by attorneys for defendant, and the question of privileged communication was never raised before the trial court. It is just as reasonable to assume that such conversation was held in the presence of a third person as it is to assume that it was not held in the presence of a third person, in the absence of evidence in that respect.

This type of conversation does not come within the true intent and meaning of the statute as passed by the legislature concerning privileged communications between husband and wife; and if such communication was covered by §2317.02 R. C., counsel for defendant did not properly object before the trial court, and did not call it to the attention of the trial court, or establish by means of questions so the record would clearly show whether or not the conversation took place in the presence of a third party. Only a general objection was made and an exception taken to the court's permitting such testimony to go into evidence.

The first paragraph of the syllabus in the case of Woodbury v. Bollmeyer & Co. and J. H. Sherwood, et al, 20 O. C. C. (n. s.) 113, reads:—

"In an action on a promissory note, where one of the makers is denying that he executed the note or that there was consideration therefore, it is not error to permit the widow of the other maker to testify as to certain matters which arose between herself and her husband when no other person competent to be a witness was present."

The second paragraph of the syllabus in the case of Marsh v. Preferred Accident Ins. Co., and Marsh v. New York Life Ins. Co., 89 Federal (2nd) 932. reads:—

"Statute prohibiting one spouse from testifying to communications or acts of other not made or done in presence of third person held not intended to exclude all transactions or communications between husband and wife, however unconfidential or unsecretive in nature, simply because they were not voiced or done in presence of third person.

In the case of Westerman v. Westerman, 25 Oh St 500, the third and fourth paragraphs of the syllabus read:—

"Evidence that a third person was present, and known to be present, at the time of making such communications, or doing such acts, is for

the court and not for the jury, and, on error, will be presumed to have been given to the court, unless the contrary appears.

"Where a motion is made to exclude'the entire testimony of a witness, part only of which testimony is incompetent, without specifying any particular part of the testimony objected to, or disclosing the ground of objection, it is not error in the court to overrule the motion."

At page 507 the court said:—

"Did the court err in refusing to reject the testimony of the husband? It is claimed that even admitting the husband to be a competent witness, the court should have ruled out that part of his testimony which related to communications and acts of the parties, because the bill of exceptions does not show that any third person was present at the time they were made, or took place. It seems to us that there are two good answers to this objection: (1) Evidence to show the presence of such third person was for the court, and not for the jury, and must be presumed till the contrary is shown; and (2) the motion was too broad, including all the husband's testimony, without discriminating, or making known to the court the ground on which the testimony was sought to be excluded."

The second paragraph of the syllabus in the case of **Losh v. Brunk, 18 Oh Ap 412**, reads:—

"The admission of testimony of a divorced wife cannot be made the basis of an error on the ground that the matters testified to were privileged communications under the statute (§11494 GC), where the record fails to disclose that the communications were not made or the acts not done in the known presence of a third person competent to testify, and counsel for the complaining party at the trial made no objections on the ground that the communications and acts attempted to be proved were privileged."

At page 418 the court said:—

"It was the duty of counsel under these circumstances to make their objections on the ground that the communications and acts attempted to be proved were privileged. The court would then have required the plaintiff to bring the witness within the requirement of the statute. **Westerman v. Westerman, 25 Oh St 500; Geauga Iron Co. v. Street, 19 Ohio 300; Patterson v. State, 96 Oh St 90.**"

See also **F. A. Requarth Co. v. Holland et al, 78 Oh Ap 493.**

In the second syllabus in the case of **Gaydas v. Fusselman, 11 Abs 652,** it is said:—

"Although §11494 GC, provides only testimony of conversations between husband and wife in the known presence of third person is admissible, objection to such testimony cannot be raised for the first time on error proceedings."

See also **Carson v. Beatley, Exrx., et al, 86 Oh Ap 173.**

Assigned grounds of error numbered 2, 3 and 4 relate to the claimed error of the trial judge in failing to enter judgment for defendant at the close of plaintiff's case and again at the close of all the evidence, and that the judgment of the trial court is not based on sufficient evidence and is against the manifest weight thereof.

Defendant waived the right to rely on its assigned ground of error

number two when it accepted the ruling of the court and proceeded with its defense and introduced evidence in its own behalf. **Halkias, Appellee, v. Wilkoff Co., Appellant, 141 Oh St 139.**

As to defendant's claim that the trial judge erred as urged in assigned ground of error number three there is conflicting and contradictory evidence presenting questions for the trier of the facts compelling submission of the case to him.

Properly admissible the evidence is sufficient to support the judgment entered for plaintiff, and the judgment in our opinion is not against the manifest weight of the evidence nor contrary to law.

The position held by decedent, and the duties devolving upon him, subjected him to the risk of the highway and travel on the public roads to a much greater and further extent than a person who worked scheduled office hours at a fixed place of employment; and decedent's death due to the injuries received in the accident is brought within the course and scope of his employment.

In the case of **Kaiser v. Industrial Commission, 136 Oh St 440,** the first paragraph of the syllabus reads:—

"Accidental injury by the elements or forces of nature is received in the course and arises out of the employment where the injured employee is subjected to a greater hazard in his employment than that to which other persons in the same locality are subjected; this principle applies to accidental injury by freezing in cases in which the peculiar danger to the injured employee from exposure to cold weather compelled by his employment, is a hazard greater than that encountered generally by others exposed to the cold in the particular community."

See also **Sebek v. Cleveland Graphite Bronze Co., 148 Oh St 693; Ott v. Industrial Commission, 83 Oh Ap 13; Smith v. Industrial Commission, 90 Oh Ap 481;** and **Pickett v. Industrial Commission, 98 Oh Ap 372.**

From reading the record it can be seen that decedent on occasions before his death had stopped at the Post Office in Poland, Ohio, on his way to work to deposit mail for the home office in New York; and on occasion would stop to make a collection on an account; and that he was killed in the vicinity of the Poland Post Office. At the time of decedent's death there was a change in the office in Warren, Ohio, which it was his duty to supervise and control, which city he had visited often just prior to his death.

In the case of **Industrial Commission of Ohio v. Davison, 118 Oh St 180,** the second paragraph of the syllabus reads:—

"An employee is in the course of his employment while he is performing the obligation of his contract of employment."

The case of **Industrial Commission v. Wilson, 34 Oh Ap 36,** is particularly applicable to the problem presented to us, the syllabus reading:—

"Injuries to general sales manager of coal company sustained when cranking automobile before leaving home in morning, consisting of irritation of duodenum, resulting in rupture and death, held sustained within scope of employment, when office hours were not limited, duties included work before and after office hours, and automobile was furnished by employer to be used in connection with work of soliciting business and obtaining credit information and going to and from home."

Also see **Industrial Commission v. Dense, 14 Oh Ap 224; and Bersche v. Industrial Commission, 56 Oh Ap 236.**

Having reviewed carefully all of the assigned errors and the law applicable thereto as cited by counsel for the respective parties and finding no error therein prejudicial to the defendant the judgment of the court of common pleas is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur.